UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

*Ex rel.*  ANNE E. MITCHELL,

    Plaintiff/Relator,                      Case No:  11-10090

Vs                                                    Honorable Victoria A. Roberts

UNITED MEDICAL SYSTEMS (DE), et al,

    Defendants.

_____/

## ORDER DENYING MOTION TO REOPEN CASE AND APPOINT COUNSEL

### I.     INTRODUCTION

*Pro se* Plaintiff Anne Mitchell ("Mitchell") seeks to reopen a lawsuit against her former employer United Medical Systems ("UMS") and over fifty other named defendants, alleging violations of the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq*. ("qui tam action").  However, because the statute of limitations expired, this motion is **DENIED**.

### II.    BACKGROUND

Mitchell believed that UMS, a nationwide company, and other named defendants, were involved in an illegal kickback arrangement, for state and federal hospitals to contract with urologists in exchange for patient referrals.  Mitchell contends this arrangement began at least in 2003 and is in violation of the FCA.

The FCA imposes liability on a person who knowingly submits a false claim for payment to the Government.  31 U.S.C. § 3729 *et seq.*; *U.S. ex rel. Roby v. Boeing Co.* 995 F. Supp. 790

(S.D. Ohio 1998). The FCA authorizes the Attorney General or a private citizen who is the source of "original knowledge" of alleged fraudulent activity, to bring a legal action against a person who allegedly defrauded the United States. 31 U.S.C. § 3730 (b) (1). A private citizen who brings the action does so on behalf of the United States and is considered the "qui tam plaintiff" or "relator." *U.S. ex rel. Roby* 995 F. Supp. at 792.

> The relator's complaint is filed under seal in camera. *Id*. A copy of the complaint and written disclosure of substantially all evidence and information is served only on the United States, not the defendant. *Id*. While under seal, the Government has the right to either intervene or prosecute the action. *Id*.

Moreover, the relator has the right to conduct the action on his or her own and receive a certain percentage of the recovery award. *Id.*

### III.   PROCEDURAL HISTORY

On January 7, 2011, Mitchell filed a qui tam action against UMS and other defendants on behalf of the United States of America. The federal government conducted investigations. On June 18, 2012, the United States notified Mitchell of its intention to decline intervention and prosecution.

On August 16, 2012, Mitchell moved for a voluntary dismissal without prejudice of her qui tam case. The United States consented to the dismissal, so long as it was without prejudice as to the United States. This Court entered an order to that effect.

Mitchell now moves to reopen her suit. She requests court-appointed counsel. She alleges that her former attorneys negligently failed to include and explain a false claims allegation under the FCA. She alleges that the kickback arrangement involved certain equipment that was

detrimental to patient's health. Mitchell believes this would have been the most material allegation in her qui tam action.

## IV. STANDARD OF REVIEW

Mitchell's motion is unnecessary since she voluntarily dismissed her first case. A "dismissal without prejudice" preserves a plaintiff's right to sue again on the same claim. *See Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962) (stating "an action to dismiss without prejudice leaves the situation as if the suit had never been brought."); *See also Chrisman v. Countrywide Home Loans, Inc.*, 2008 WL 2357668 (E.D. Tenn. 2008) (stating "absent explicit conditions to the contrary… a voluntary dismissal under Fed. R. Civ. P. 4(a) wipes the slate clean; making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action.").

Now, Mitchell needs only to request the Courts leave to amend her complaint. Leave to file an amended complaint is governed by the Federal Rules of Civil Procedure Rule 15 (a). Under Rule 15 (a), Courts should freely grant leave to amend when justice requires. In considering a motion to reopen and to file an amended complaint, a court may deny leave to amend if the proposed amendments would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1982). *Prebble v. Hinson*, 825 F.Supp. 185, 186 (S.D. OH 1993). Proposed amendments are considered futile if they are barred by the statute of limitations:

> In *Marx*, the Sixth Circuit ... held that the district court correctly denied the plaintiff's motion to amend his complaint to add claims that would have been barred by the applicable statute of limitations. *Marx v. Centran Corp.*, 747 F. 2d 1536, 1551 (6th Cir. 1984).

Mitchell's motion to reopen and to file an amended complaint is futile; she is barred by the FCA statute of limitations period.

## V.    STATUTE OF LIMITATIONS REQUIREMENT IN FCA LAWSUIT

The statute of limitations for qui tam actions is set forth in 31 U.S.C § 3731 (b):

> (b) A civil action under section 3730 may not be brought:
>
> (1) More than 6 years after the date on which the violation of section 3729 is committed, or
>
> (2) More than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.  31 U.S.C. § 3731; *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F. 3d 496, 509 (6th Cir. 2008).

The Sixth Circuit recognized that § 3731 (b) (1) applies to claims brought by relators only. *U.S. ex. rel. Gale v. Omincare, Inc.*, 2012 WL 447365 (N.D. Ohio 2012). §3731 (b) (2), a more generous statute of limitations, applies to the Government only. *Id*. The Sixth Circuit held that private citizens such as Mitchell cannot bring a qui tam action more than six years after the alleged FCA violation was committed:

> Courts hold that the six-year limitations period stated in § 3137 (b) (1) applies in all actions brought by qui tam relators in which the United States has not intervened.  *U.S. ex rel. Howard v. Lockheed Martin Corp.*, 499 F.Supp.2d 972 (S.D. OH 2007); *See also Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873 (6th Cir. 2006).

Under § 3731 (b) (1), Mitchell had six years after the FCA violation was committed to bring a claim.  Mitchell asserts that UMS and other defendants committed violations of the FCA in 2003.  Pl.'s. Comp. P. 7 (stating, "…since at least 2003, this scheme has dominated the mobile

lithotripsy industry."). *Id*. Thus, Mitchell's limitations period began to run in 2003 and expired in 2009.

## VI. CONCLUSION

For the reasons stated, Mitchell is barred by the FCA limitations period from filing this FCA case; more than 6 years have passed since the alleged violation.

The Court denies Mitchell's motion to reopen and denies her request for court-appointed counsel.

**IT IS ORDERED.**

               s/Victoria A. Roberts
               Victoria A. Roberts
               United States District Judge

Dated: November 21, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Ann Mitchell by electronic means or U.S. Mail on November 21, 2014.

s/Linda Vertriest
Deputy Clerk