# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: September 1, 2015

Ms. Anne E. Mitchell
P.O. Box 3249
Oak Park, IL 60303

    Re: Case No. 14-2577, *Anne Mitchell, et al v. United Medical Systems(DE) Inc, et al*
       Originating Case No. : 2:11-cv-10090

Dear Ms. Mitchell:

 The Court issued the enclosed Order today in this case.

            Sincerely yours,

            s/Jeanine R. Hance
            Case Manager
            Direct Dial No. 513-564-7037

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 14-2577

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 01, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ANNE E. MITCHELL, | ) |
|     Plaintiff-Appellant, | ) |
| and | ) |
| UNITED STATES OF AMERICA; STATE OF ILLINOIS; STATE OF INDIANA; STATE OF MICHIGAN, | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|     Plaintiffs, | ) |
| v. | ) |
| UNITED MEDICAL SYSTEMS (DE), INCORPORATED, et al., | ) |
|     Defendant-Appellee. | ) |

O R D E R

Before: COLE, Chief Judge; SILER and KETHLEDGE, Circuit Judges.

Anne E. Mitchell, a pro se Michigan resident, appeals a district court order denying her motion to reopen her *qui tam* lawsuit. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On January 7, 2011, Mitchell, who was represented by counsel, filed a 123-page *qui tam* action against her previous employer, United Medical Systems, Inc., and hundreds of other defendants. The complaint essentially challenged "kickback arrangements between lithotripsy services companies owned by urologists . . . and the hospitals in which these urologists perform

lithotripsy and designated health services." Mitchell alleged that the "quid pro quo" referral arrangement between the urologists and the hospitals violated the Anti-Kickback Statute and other laws, and that the scheme had been in place since 2003. The government notified Mitchell that it did not intend to intervene.

On August 23, 2012, the district court granted Mitchell's motion to voluntarily dismiss the complaint without prejudice. On August 6, 2014, Mitchell moved to reopen the *qui tam* action, arguing that her attorneys negligently failed to include her true "false claims" allegations in the *qui tam* complaint and that they "forced" her to voluntarily dismiss the complaint. The district court construed the motion as a request to amend the *qui tam* complaint, concluding that she did not need permission to "reopen" the action because the case had been dismissed without prejudice. The district court denied Mitchell permission to amend the complaint, reasoning that any amendment would be futile because the *qui tam* complaint was filed beyond the applicable six-year statute of limitations based on the allegation that the false claims began in 2003.

On appeal, Mitchell argues that the district court should have granted her permission to amend her *qui tam* complaint because it was timely filed within six years of her true claim, which challenged the defendants' allegedly false claim that the Urinary Extracorporeal Shock Wave Lithotripsy (UESWL) procedure was "safe." Mitchell maintains that she discovered the defendants' attempts to conceal the allegedly unsafe nature of the UESWL procedure in October 2007 following a patient's death. Therefore, she argues that her complaint would have been timely but for her attorneys' failure to include her true claim in the *qui tam* complaint. She also argues that the statute of limitations should not take precedence over the constitutional rights of patients to be informed of the dangers of the UESWL procedure. Mitchell requests that this court remand the case to the district court for trial and appoint counsel. Mitchell also requests oral argument.

We affirm the district court's order denying Mitchell's motion to reopen, but for reasons different from those relied on by the district court. *See Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007); *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002). The district court erroneously construed Mitchell's motion to reopen as a

Case 2:11-cv-10090-VAR-MKM ECF No. 20 PageID.762 Filed 09/01/15 Page 4 of 4 (4 of 4)
Case: 14-2577 Document: 9-2 Filed: 03/01/2015 Page: 3

No. 14-2577
- 3 -

motion to amend her original *qui tam* complaint. Mitchell moved to voluntarily dismiss that complaint, and the district court granted the motion and dismissed the action without prejudice. Such a dismissal "leaves the situation as if the action had never been filed," and no further proceedings are proper in that action. *See Recker v. Newcourt Credit Grp., Inc.*, 126 F. App'x 226, 233 (6th Cir. 2005) (citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 456 n.7 (6th Cir. 2000)). Therefore, the district court should have denied the motion to reopen or construed it as a new complaint.

Nonetheless, any new complaint would have been subject to dismissal as untimely based on the applicable six year statute of limitations. Pursuant to 31 U.S.C. § 3731(b)(1), where the United States does not intervene, the statute of limitations in a *qui tam* action is six years, accruing at the time that the false claim was made. Accepting Mitchell's allegations that she intended to challenge false claims made in 2007, she was required to have filed a complaint by 2013. Even if the district court had construed her August 6, 2014, motion to reopen as a new *qui tam* complaint, the action would have been untimely.

Accordingly, we deny Mitchell's pending requests and affirm the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk